IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RON ARNOLD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-cv-309-ECM |
| | ) | [WO] |
| STATE FARM FIRE & CASUALTY | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

The Court's review of this case hinges on whether all defendants except State Farm Fire & Casualty Company ("State Farm") were improperly joined to defeat diversity jurisdiction. On March 31, 2026, fifty-three Alabama-citizen plaintiffs (the "Plaintiffs") filed this seventy-three-count negligent procurement, fraudulent misrepresentation, and breach of contract case in state court against State Farm and eighteen other insurance agencies and agents (the "Agency Defendants") (and collectively, "the Defendants"). (*See* doc. 1-2). On May 1, 2026, State Farm removed this case. (*See* doc. 1).

In its notice of removal, State Farm, a citizen of Illinois, asserted that this Court has diversity jurisdiction because the Agency Defendants, all Alabama citizens, were improperly joined. (*See* doc. 1-1, doc. 1-3 at 4–20). The same day, the Agency Defendants filed a motion to dismiss, arguing that the Plaintiffs failed to state a claim against them. (Doc. 4). The Court, heeding its duty to ensure subject matter jurisdiction over the case

before evaluating its merits, *see Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), ordered briefing on State Farm's assertions of improper joinder, (doc. 29 at 2).

The Plaintiffs have since moved to remand with a demand for attorney fees, arguing that the Agency Defendants were properly joined. (*See* doc. 33). The Defendants disagree, contending that there is no possibility that the Plaintiffs could state a claim against the Agency Defendants. (*See* doc. 35). Upon review and careful consideration of the record, the Court largely agrees with the Plaintiffs; this case is due to be remanded, though without an award of attorney fees.

## I. LEGAL STANDARDS

### A. Improper Joinder

Diversity jurisdiction requires complete diversity—"every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). One exception to the requirement of complete diversity is where a defendant has been improperly joined, meaning that "there is no possibility the plaintiff can establish a cause of action against th[at] . . . defendant." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)); *see Herbst v. Am. Orthodontics Corp.*, 2024 WL 3358520, at *1 (11th Cir. 2024)[1] (per curiam) (joinder is proper "where there is a '*possibility* that a state court would find' a cause of action against

[1] Here and elsewhere the Court cites nonbinding authority. While these cases are not precedential, the Court finds them persuasive.

a defendant" (emphasis in original) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998))).

In assessing improper joinder, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538 (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)). And "[i]n making this determination, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Stillwell v. Allstate Ins.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (per curiam) (quoting *Crowe*, 113 F.3d at 1538)). Moreover, "[i]n determining whether a possibility exists that the plaintiff could state a claim against the resident defendant, [courts] look 'to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court.'" *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 769 (11th Cir. 2019) (quoting *Stillwell*, 663 F.3d at 1334).

In removed cases, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."); *see also Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

So, in sum, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute on other grounds as stated in*, *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993); *see Stillwell*, 663 F.3d at 1333 ("[A]ll that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" (quoting *Triggs*, 154 F.3d at 1287)).

**B. Alabama Pleading Standards**

Alabama law requires that a complaint "provide defendants adequate notice of the claims against them." *Ex parte Int'l Ref. & Mfg. Co.,* 972 So. 2d 784, 789 (Ala. 2007). A complaint does so unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Nance v. Matthews*, 622 So. 2d 297, 299 (Ala. 1993) (citing *Garrett v. Hadden*, 495 So.2d 616, 617 (Ala. 1986); *Hill v. Kraft, Inc.*, 496 So.2d 768, 769 (Ala. 1986)); *accord Ex parte Affinity Hosp., LLC*, 426 So. 3d 388, 393 (Ala. 2025). Under this exceptionally liberal pleading standard, "[i]t is never proper to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief under [Alabama Rule of Civil Procedure] 8." *Dunson v. Friedlander Realty,* 369 So. 2d 792, 796 (Ala. 1979). And where a defendant asserts an affirmative defense at the motion to dismiss stage, dismissal is proper "only if the applicability of the defense is clear from the [face of the] complaint" when "viewed in the light most favorable to [the plaintiff]." *Ghee v. USAble Mut. Ins.*, 384 So. 3d 8, 20–21 (Ala.

2023) (citing *Crosslin v. Health Care Auth. of City of Huntsville*, 5 So. 3d 1193, 1195–96 (Ala. 2008)).

**C. Negligent Procurement**

To establish a cause of action for negligent procurement of insurance, a plaintiff must show "(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." *Albert v. Hsu,* 602 So. 2d 895, 897 (Ala. 2002). However, contributory negligence is a complete defense to a claim of negligent procurement. *Alfa Life Ins. v. Colza*, 159 So. 3d 1240, 1248 (Ala. 2014) (quotation omitted). And though "[t]he question of contributory negligence is normally one for the jury[,] . . . where the facts are such that all reasonable men must reach the same conclusion, contributory negligence may be found as a matter of law." *Brown v. Piggly-Wiggly Stores*, 454 So. 2d 1370, 1372 (Ala. 1984) (citing *Hatton v. Chem-Haulers, Inc.,* 393 So.2d 950, 954 (Ala. 1980)).

In the negligent procurement context, contributory negligence usually exists as a matter of law where the insurance contract does not include the coverage sought because "it is almost never reasonable for an individual to ignore the contents of documents given him or her in association with a transaction." *Alfa Life*, 159 So. 3d at 1251–52; *see AmerUS Life Ins. v. Smith*, 5 So. 3d 1200, 1208 (Ala. 2008) ("[A] plaintiff who . . . does not read [documents] or investigate facts that should provoke inquiry, has not reasonably relied upon a defendant's oral representations that contradict the written terms in the documents."); *Brickhouse Cap., LLC v. Coastal Cryo AL, LLC*, 393 So. 3d 467, 474 (Ala. 2023) (noting "[t]his Court has repeatedly held, as a matter of law, that evidence of reasonable reliance is lacking when a plaintiff fails to read documents that contradict the

alleged misrepresentations" and collecting cases). However, there are exceptions to this general rule, such as "when there have been misrepresentations regarding the contents of a document and there are special circumstances, a special relationship between the parties, or the plaintiff suffers from a disability rendering him or her unable to discern the contents of the document." *Alfa Life*, 159 So. 3d at 1252 n.8 (citing *Potter v. First Real Est. Co.*, 844 So. 2d 540, 548–51 (Ala. 2002)).

**D. Attorney Fees**

If the district court remands a removed case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney[] fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "But an award of fees under § 1447(c) does not require a showing that the defendant's position was 'frivolous, unreasonable, or without foundation.'" *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (per curiam) (quoting *Martin*, 546 U.S. at 138–39). "Whether or not to award costs or attorney fees is within the sole discretion of the trial court." *Howard Griggs Trucking, Inc. v. Am. Cent. Ins.*, 894 F. Supp. 1503, 1510 (M.D. Ala. 1995).

## II. DISCUSSION

**A. Negligent Procurement Claim**

With respect to the Agency Defendants, the Plaintiffs allege plaintiff- and defendant-specific permutations of the following:

> 1. "[A plaintiff] sought insurance coverage for his or her property, . . . including coverage for roof and hail damage caused by wind and/or hail."
>
> 2. "[An Agency Defendant] represented . . . that a State Farm . . . policy would provide replacement cost coverage . . . to include damage from wind and hail."
>
> 3. "Relying on those representations, [the plaintiff] purchased the State Farm . . . policy for the property."
>
> 4. "[The Agency Defendant] negligently and/or fraudulently failed to warn or otherwise advise [the plaintiff] that State Farm's policy deceptively deducted from [r]eplacement [c]osts depreciation and therefore negligently failed to procure the coverage [the plaintiff] requested, or failed to notify him or her that such replacement costs coverage had not been obtained."
>
> 5. "As a direct and proximate result of [the Agency Defendant's] negligence, [the plaintiff] suffered damage to his or her property resulting in monetary loss or damages."

(*See generally* doc. 1-2 at 15–91).

These statements clearly allege a duty on the part of the Agency Defendants to acquire insurance with particular coverage, that they breached that duty, and that the breach caused monetary injury. Nevertheless, the policy plainly stated the terms that the Plaintiffs allege as problematic. (*See generally id.*; doc. 36-3). In the mine-run case, that would defeat a plaintiff's claim as a matter of law. *Brickhouse*, 393 So. 3d at 474. Yet, this Court cannot say "beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Nance*, 622 So. 2d at 299. Indeed, viewing the allegations in the complaint in the light most favorable to the plaintiffs, it is realistically possible that they may show facts that render an exception to contributory negligence

applicable; for instance, they may later show—especially given the allegations of misrepresentation and deception—that "there have been misrepresentations regarding the contents of a document and there are special circumstances, a special relationship between the parties, or the plaintiff suffers from a disability rendering him or her unable to discern the contents of the document." *Alfa Life*, 159 So. 3d at 1252 n.8 (citing *Potter,* 844 So. 2d at 548–51). Thus, there is a possibility that a state court would find that the Plaintiffs have stated a claim of negligent procurement against the Agency Defendants.[2] *Triggs*, 154 F.3d at 1287. Accordingly, joinder of the Agency Defendants was proper, and this Court is bound to remand. *Coker*, 709 F.2d at 1440–41.

**B. Attorney Fees**

Alabama pleading standards are relatively low, and the burden for improper joinder is relatively high. State Farm removed on the theory that there was *no possibility* that a state court would find that the Plaintiffs could show *some set of facts* alleging negligent procurement. State Farm has recently and unsuccessfully submitted a substantially similar removal argument to the Court under substantially similar circumstances. (*See* doc. 33-1); *Williams v. State Farm Fire & Cas. Co.*, 2025 WL 3443246 (M.D. Ala. 2025). On this record, there was not "an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Nevertheless, the Court, in its discretion, does not find an award of attorney fees is warranted. *MSP Recovery Claims, Series LLC v. Hanover Ins.*, 995 F.3d 1289, 1298

[2] Because of this possibility, the Court does not address the possibility that a state court would find the Plaintiffs stated their other claims. Nor does the Court address the Defendants' statute of limitations argument, as they concede that at least three plaintiffs' negligent procurement claims are not time-barred. (*See* doc. 35 at 23 (All the . . . [p]olicies were issued to the Plaintiffs prior to two years before this lawsuit was filed, *with the exception of three* [*p*]*laintiffs* . . . .") (emphasis added)).

(11th Cir. 2021) ("[I]t is not an abuse of discretion for a district judge to decline to award attorney[] fees and costs under [§] 1447(c) simply because that judge or other district court judges within the same district have previously remanded in similar cases."). But the Court cautions State Farm that this practice of risky removal, if continuing, is undertaken at its own peril.

> Every gambler occasionally loses. Before he rolls the dice he knows that he might come up "snake eyes." Some gamblers, such as the removing defendant[] in this case, are better at assessing risk than others. A defendant's risk assessment must be intelligent as well as honest. There is no place for playing a hunch or for simply betting on which judge the case will be assigned to. . . . [The] [d]efendant[] in the instant case took a calculated (or possibly an uncalculated) risk, presumptively understanding that they had the burden both to plead and to prove a basis for the removal and not to come up with an after-the-fact rationalization. . . . Congress meant § 1447(c) to be a signal *that in every removal there is risk of having to pay the plaintiff's reasonable attorney*[] *fees.*

*Gray v. New York Life Ins.*, 906 F. Supp. 628, 637 (N.D. Ala. 1995) (emphasis in original).

Accordingly, and for good cause, it is

ORDERED as follows:

1. The Plaintiffs' motion to remand, (doc. 33), is GRANTED as to the request for remand and DENIED as to the request for attorney fees.

2. This case is REMANDED to the Circuit Court of Houston County, Alabama. The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand to the Circuit Court of Houston County, Alabama.

DONE this 17th day of August, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE